### TOM GUNN v. THE STATE.

No. 18384. Delivered June 17, 1936.
Rehearing Denied October 21, 1936.

The opinion states the case.

*J. B. Dibrell, Jr.,* of Coleman, for appellant.

*A. O. Newman,* District Attorney, of Coleman, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, three years in the penitentiary.

On September 9, 1935, Mr. Zola Smith closed the doors of a power house on some oil leases near Cross Cut in the northern part of Brown County, in which house was a belt worth $150.00 with many marks of easy identification on same. That afternoon or night the power house was entered and the belt stolen. Another belt was taken from the same neighborhood at the same time and figures in the testimony of some of the witnesses. Both belts were later found at Big Spring in the care of a man who testified that Red Cranford brought them to him and asked him to take care of them until he should come for them, informing him at the time that an oil man at Coleman who owed him, Cranford, had turned the belts over to him and asked him to sell them. One of these belts was positively identified as the one taken from the burglarized power house.

Both Cranford and appellant lived in San Angelo, Texas, but appellant had relatives near Cross Cut. As above stated, Smith's belt was in the power house at 9 a. m. on the 9th of September, and at 8 a. m. the next day it was gone. Tracks of a car backed up and turned around in a road not far from said power house, and tracks of two men in and around said house and leading to and from the car, as well as indications of the rolling of the belt under two intervening fences between the power house and where the car turned around, suggested the cause and manner of the disappearance of the belt. Men's tracks identical in size or nearly so with those of appellant and Red Cranford were found at the scene. Where the belt went under one fence a pocketbook was found, and being opened it exhibited appellant's picture and a membership card issued to him as a member of the Algeretia Club of Coleman, Texas. An officer, who had been a dealer in automobile casings, took careful note of the fact that the car tracks mentioned were made by two Montgomery Ward casings on the rear wheels, and two Firestone casings on the front wheels of the car which had turned around near the power house.

Search was at once begun for appellant whose picture had been found, and for a car equipped with casing such as above described. From Cross Cut to Coleman, and from there to San Angelo the search led, and at the latter place appellant was located asleep at his mother's home and arrested about 3 p. m. on September 10th, and a little later a car was found in front of a Mexican cafe whose front wheels had two Firestone casings, and on one of whose rear wheels was a Montgomery Ward casing, and another muddy but flat Montgomery Ward casing appearing on the fender of said car, which was a Ford pick-up auto, and was carried to the sheriff's department where Mrs. Red Cranford later got it. The belts were not then found, but witnesses were introduced on this trial who testified that in early October Red Cranford brought two belts to the place of business of one witness who lived in Big Spring, and Cranford asked to leave said belts with witness with the explanation above mentioned. One of these belts was the Smith belt here involved.

Appellant's relatives and other witnesses testified to seeing him and Red Cranford together in Cross Cut at noon and in the afternoon of September 9th, the date of the alleged burglary. Appellant's uncle testified that the two were in a Ford V-8 pick-up car, and that after eating supper that evening they left his house. Appellant's mother,—a witness for the de-

fense,—testified that she lived in San Angelo, and that appellant had been away from home for two or three days, but came back about 8 o'clock on the morning of September 10th, and was arrested that afternoon. The case was properly submitted on the law of circumstantial evidence. As we view the record, the evidence is amply sufficient to support the verdict and judgment. There are no bills of exception in the record.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant's motion for rehearing is based on the contention that evidence is lacking to support the conviction. We have again carefully examined the facts and are satisfied that the proper disposition of the case was made originally.

The motion for rehearing is overruled.

*Overruled.*